## Exchange Casualty and Surety Co.
v.
## Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Co.

*Alexander C. Sherrard, Campbell, Houck & Thomas,* for plaintiff.

*Mercer & Buckley,* for defendant.

SMART, J., March 12, 1963.—On or about March 22, 1951, Mrs. Goldie L. Muir sustained personal injuries while she was a passenger for hire in Indiana County in a certain 1946 DeSoto automobile owned and operated by David W. Piper. Mrs. Muir and her husband instituted an action in trespass against David W. Piper trading and doing business as Piper Bus Line, in the Court of Common Pleas of Indiana County, Pennsylvania, March term, 1952, no. 65. A judgment was subsequently entered in favor of the Muirs in the amount of $6,000.

The DeSoto automobile was registered with the Pennsylvania Department of Revenue as a taxicab, and Piper had been using it as a public livery in Crawford County, Pennsylvania, pursuant to authorization from the Pennsylvania Public Utility Commission, granted at docket no. A68292. On the date of the accident, however, said DeSoto was employed by Piper as a substitute vehicle on a bus route, which operation the Public Utility Commission had separately authorized under docket no. A75803.

Plaintiff herein had insured Piper against liability with respect to the bus route. Plaintiff's policy covered the operation of a certain Ford bus and by its express terms covered any other vehicle used on the bus route, except other vehicles owned by Piper, which were excluded. Defendant insurance company had insured Piper against liability in the operation of the public

livery. From June 12, 1950, to September 10, 1950, this coverage by defendant specifically included the DeSoto automobile; however, on September 10, 1950, the DeSoto automobile was eliminated from defendant's insurance policy.

On the date of the accident, neither plaintiff nor defendant was obligated to protect Piper in the operation of the said DeSoto under the provisions of its policy. However, as required by law, each company had executed and filed with the Public Utility Commission a certificate of insurance certifying that the respective operations by Piper were protected with insurance. Relying on the certificate filed by plaintiff herein, the Muirs issued a writ of attachment execution against plaintiff in Indiana County. An attempt by plaintiff herein to join the present defendant as an additional defendant was denied by the Indiana court of common pleas for procedural reasons. A judgment for $5,000, limit of the policy, was obtained by the Muirs and paid in full by plaintiff company. Plaintiff took an assignment from the Muirs of all their rights against Piper.

In the present action, plaintiff contends that defendant company was concurrently liable to the Muirs and should therefore make contribution to the plaintiff for money paid to the Muirs in satisfaction of defendants' alleged obligation. The matter was heard by the court without a jury. After careful consideration, the court finds in favor of defendant.

In the first place, there are no direct contractual obligations entered into between plaintiff and defendant. Plaintiff does not claim nor indeed does it hold any right of subrogation or any other right accruing directly from David W. Piper. No rights, if any, have been assigned by Piper against defendant. The assignment which plaintiff holds from Goldie Muir does not create a cause of action in plaintiff against this defendant.

Aside from this, the court is of the opinion that defendants' insurance certificate is not applicable in the present factual circumstances.

The accident giving rise to the litigation occurred in connection with the named insured's bus route in Indiana County governed by Public Utility Commission docket no. A75803, and did not occur in connection with the taxicab operation in Crawford County, which operation was docket no. A68292 and was insured by defendant. The Court of Common Pleas of Indiana County held that the certificate filed by plaintiff extended its coverage to the accident in question because it stated that coverage is afforded whether or not the motor vehicle involved is specifically described. However, this court is of the opinion that defendant insurance carrier was not obligated to pay damages awarded for injuries which occurred completely beyond the contemplation of the taxicab operation in Crawford County for which defendants' policy of insurance had been issued.

For the reasons set forth herein, a finding in favor of defendant will be entered.

*Finding*

And now, to wit, March 12, 1963, after hearing without a jury, the court finds in favor of defendant Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, and judgment is entered accordingly.